UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASSERMAN MEDIA GROUP, LLC,<br><br>                                   Petitioner,<br><br>vs<br><br>JONATHAN BENDER,<br><br>                                   Respondent. | Civil Action No. 10 CV 8783<br><br>DECLARATION OF JASON RANNE |

      JASON RANNE, swears under the penalties of perjury pursuant to 28 U.S.C. § 1746, that:

      1.    I submit this declaration on personal knowledge in support of Petitioner's Motion to Confirm an Arbitration Award. My statements are based on personal knowledge and the documents referenced in this declaration.

      2.    I am Associate Counsel at Wasserman Media Group, LLC, ("Wasserman") petitioner in this action.

      3.    Since 1999, Wasserman represented Respondent Jonathan Bender ("Bender") as his agent for the negotiation of Bender's 2004-2005 NBA Player Contract, 2005-2006 NBA Player Contract, and 2006-2007 NBA Player Contract (collectively, the "NBA Contracts"). Wasserman and Bender entered into a player-agent contract, pursuant to the rules and regulations of the National Basketball Players Association ("NBPA"). Annexed as Exhibit A is a copy of the NBPA regulations.

      4.    By 2009, Bender owed Wasserman fees in the amount of $396,766.60 from monies received under the NBA Contracts. To resolve this payment dispute, the parties entered

1232243-1

into a settlement agreement dated October 30, 2009 whereby Bender agreed to a payment schedule. Annexed as Exhibit B is a copy of the settlement agreement.

5.  In connection with the settlement agreement, Bender also signed a confession of judgment and sent copies to both Wasserman and the NBPA. Copies of the confession of judgment are annexed as Exhibit C.

6.  Bender failed to comply with the payment schedule set forth in the settlement agreement.

7.  On August 10, 2010, Wasserman then filed a written grievance and served it on Bender by express courier, pursuant to the NBPA regulations. Wasserman sent notice to Bender's address on file and where it sent its previous correspondence. A copy of the grievance is annexed as Exhibit D.

8.  Wasserman also sent a copy of the grievance to the NBPA pursuant to the NBPA regulations, and the NBPA sent notice of the grievance to Bender on August 24, 2010. A copy of the NBPA's notice is annexed as Exhibit E.

9.  The arbitrator also sent notice to Bender of the grievance, specifically providing a deadline to respond. Annexed as Exhibit F is the Arbitration Award, which discloses the arbitrator's notice to Bender.

10. Bender did not respond to any notices and did not submit an answer to the grievance.

11. Pursuant to the NBPA regulations, the arbitrator moved forward with the hearing on October 14, 2010 despite Bender's lack of response, and found in favor of Wasserman. The arbitrator issued an Opinion and Award, which ordered payment in ten days.

12. The arbitrator sent a copy of the Opinion and Award to Bender as well.

13. To date, Bender has not paid any portion of this arbitration award.

14. Shortly after the arbitration hearing on or about December 7, 2010, I reached Bender on the telephone and he informed me during our conversation that he was aware of the arbitration and award, but that he could not pay the amount owed.

Dated: March 13, 2011

_____
Jason Ranne