UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASSERMAN MEDIA GROUP, LLC,<br><br>      Petitioner,<br><br>vs<br><br>JONATHAN BENDER,<br><br>      Respondent. | Civil Action No. 10 CV 8783 |

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

            OLSHAN GRUNDMAN FROME
            ROSENZWEIG & WOLOSKY LLP
            *Attorneys for Petitioner*
            Park Avenue Tower
            65 East 55th Street
            New York, New York 10022
            (212) 451-2300

1223041-1

Table of Contents

Page

Preliminary Statement ..................................................................................................... 1

Jurisdiction and Parties ................................................................................................... 2

Facts ................................................................................................................................ 2

    Petitioner Acted as Respondent's Agent During His NBA Career ..................... 2

    The Regulations .................................................................................................. 3

    The Arbitration ................................................................................................... 4

    The Award .......................................................................................................... 5

    Respondent's Admission .................................................................................... 6

Argument ........................................................................................................................ 6

    I    PETITIONER IS ENTITLED TO CONFIRMATION BECAUSE THE AWARD HAS NOT BEEN MODIFIED OR VACATED ..................... 6

    II   RESPONDENT CANNOT NOW SEEK TO VACATE THE AWARD ............ 8

    III  PETITIONER IS ENTITLED TO LEGAL FEES AND COSTS .................... 8

Conclusion ...................................................................................................................... 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASSERMAN MEDIA GROUP, LLC,<br><br>       Petitioner,<br><br>vs<br><br>JONATHAN BENDER,<br><br>       Respondent. | Civil Action No. 10 CV 8783 |

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

  Petitioner Wasserman Media Group, LLC, by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, submit this memorandum of law in support of its Petition to Confirm an Arbitration Award.

### Preliminary Statement

  This Memorandum of Law is submitted in support of Petitioner's Petition to Confirm the Arbitration Award, dated October 14, 2010. As a result of Petitioner's representation of Respondent as its agent, Respondent acknowledged his debt to Petitioner in a settlement agreement and confession of judgment. After Respondent failed to pay these fees, Petitioner properly initiated an arbitration proceeding, pursuant to the regulations of the National Basketball Players Association ("NBPA").

  Respondent declined to respond or participate in the arbitration. After a review of all the evidence presented, including Petitioner's testimony, Arbitrator George Nicolau issued a written award in favor of Petitioner. Respondent has not paid the arbitration award, has failed to move to vacate or modify the arbitration award ("Award"), and is now time-barred from doing so.

1223041-1

Respondent even admitted that he knew about the arbitration and Award in a telephone conversation with Mr. Ranne, Associate Counsel for the Petitioner.

## Jurisdiction and Parties

This is a Petition to Confirm an Arbitration Award issued by arbitrator George Nicolau, dated October 14, 2010 ("Arbitrator"). Jurisdiction is proper in this Court, as the arbitration took place in New York and an award was issued in New York. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Petitioner Wasserman Media Group, LLC ("Wasserman"), as assignee of Arn Tellem, is a limited liability company engaged in the business of athlete representation, as well as other activities in the sports and entertainment industries. Its corporate headquarters are in Los Angeles, California. It is not domiciled in either Texas or Louisiana.

Respondent Jonathan Bender is a former NBA basketball player and upon information and belief, owns residences in Texas and Louisiana.

## Facts

### Petitioner Acted as Respondent's Agent During His NBA Career

Since 1999, the parties entered into the NBPA Standard Player Contract whereby Wasserman acted as Respondent's agent and received commission fees for such services. Wasserman represented Respondent during negotiations in the 2004-2005, 2005-2006, and 2006-2007. (Ranne Dec. ¶ 3) The terms of the business relationship are governed by the NBPA Regulations ("Regulations"), which governs the relationship between all players in the NBA and their agents. Pursuant to the terms and conditions of the Regulations, Wasserman represented Respondent during his career.

As a result of Wasserman's representation of Respondent, Respondent owed it $396,766.60 in fees. The parties entered into a settlement agreement on October 30, 2009,

2

establishing a payment schedule and whereby Respondent acknowledged his debt to Wasserman by signing a confession of judgment and sending copies of such confession to both Wasserman and the NBPA. (Ranne Dec. ¶¶ 4-5, Exs. B, C)

The settlement agreement also provided that the prevailing party in a litigation or arbitration to recover under this settlement agreement would be entitled to attorneys' fees and costs. (Ranne Dec., Ex. B, Section 6)

The confession of judgment specifically provides that:

> If Tellem and/or WMG LLC should file a claim against me pursuant to Section 5 of the [sic] Regulations for the Unpaid Fees, I acknowledge and agree that Tellem and/or WMG LLC may execute on a judgment immediately for such Unpaid Fees, and I will not attempt to attack, vacate, appeal, stay, or otherwise set aside such judgment against me or the execution of such judgment on any grounds whatsoever, except if the claim or judgment has been filed by mistake, meaning that I have not defaulted on any of my obligations to Tellem and/or WMG LLC under the Settlement Agreement. (Ranne Dec., Ex. C)

Respondent failed to make any payments in accordance with the settlement agreement and Wasserman then sought arbitration pursuant to the Regulations.

<u>The Regulations</u>

Section 5 of the Regulations provide that arbitration shall be used to resolve any disputes concerning the fee agreement between players and agents and sets forth the following procedures for settling disputes between the parties:

> Such a dispute "shall be initiated by the filing of a written grievance either by the player or his agent"
>
> \* \* \*
>
> A player agent may initiate a grievance against a player if he (i) sends a written grievance by prepaid certified mail to the player or by personal delivery of the grievance to the player, and (ii) furnishes a copy thereof to the NBPA. The written grievance shall set forth in plain and understandable terms the facts and

3

1223041-1

>circumstances giving rise to the grievance, the provision(s) of the agreement between the player and his agent alleged to have been violated, and the relief sought.

(Ranne Dec., Ex. A, Section 5(A))

Respondent has thirty days to Answer the grievance. The Regulations provide, however, that "if an Answer is not filed within this time limit, the Arbitrator, in his discretion, may issue an order where appropriate, granting the grievance and the requested relief upon satisfactory proof of the claim." (Ranne Dec., Ex. A, Section 5(B))

The arbitrator is chosen by the NBPA and will "schedule a hearing on the dispute in New York City" and "within thirty (30) days after the close of the hearing… shall issue a written award." Such award shall constitute *full, final and complete resolution of the grievance, and will be binding upon the player and the player agent involved*. Given the uniquely internal nature of any such dispute that may be presented to the Arbitrator, it is the NBPA's intention that an award issued by the Arbitrator not be subject to judicial review on any grounds." (Ranne Dec., Ex. A, Section 5(D)) Further, the arbitrator is also authorized to "assess some or all of a party's costs to an opposing party if he deems the party's conduct to be frivolous." (Ranne Dec., Ex. A, Section 5(E))

Finally, the Regulations require that any award be paid within ten days. *Id.*

The Arbitration

On or about August 24, 2010, petitioner Wasserman Media Group, LLC, as assignee of Arn Tellem, filed a grievance pursuant to the Regulations against Respondent Jonathan Bender, a former NBA player, to recover fees owed by Mr. Bender. (Ranne Dec., Ex. D)

Wasserman served Respondent with a grievance on August 20, 2010 at 84 Palmetto Street, Kenner, LA 70065 by express courier ("Grievance"). The Louisiana address is the address on file for Respondent and it is the address where Wasserman was last able to reach

4

Respondent. (Ranne Dec., ¶ 7) Wasserman also served a copy of the Grievance to the NBPA, pursuant to the Regulations. In turn, the NBPA sent Respondent a second notice of the Grievance at the same address on August 24, 2010. (Ranne Dec., Ex. E) The NBPA's letter advised Respondent of his rights and obligations under the Regulations and provided the contact information for the Arbitrator. *Id.*

Further, as stated in the Arbitrator's Opinion and Award ("Award"), the Arbitrator also sent a letter to Respondent on September 2, 2010, advising Respondent to submit an answer to the Grievance no later than September 27, 2010. No response was ever received. (Ranne Dec., Ex. F)

Respondent failed to submit an Answer to the Grievance, nor did he appear at the arbitration. Pursuant to the Regulations, the Arbitrator is entitled to issue an award even if one of the parties fails to appear at the arbitration hearing. (Ranne Dec., ¶¶ 10-11, Ex. A, Section 5(B))

The arbitration hearing was held on October 14, 2010. Arn Tellem appeared on behalf of Wasserman and Respondent did not appear. (Ranne Dec., Ex. F) Pursuant to the Regulations, the Grievance was heard by a single arbitrator, George Nicolau, in New York, New York.

The Award

On or about October 14, 2010, the Arbitrator rendered the Award in favor of Wasserman and against Respondent in the amount of $396,766.60 and for other relief as set forth in the Award, including but not limited to $1000 for the Arbitrator's fee, accruing interest at 7% until the Award is paid, and legal fees. (Ranne Dec., Ex. F) The Arbitrator found that "there is no question as to Bender's liability for said fees, his refusal to pay them, his failure to answer the grievance and his total disregard for the arbitration procedures of the NBPA." (Ranne Dec., Ex. F) The Arbitrator served a copy of his Award to Respondent.

5

The Award required Respondent to pay Petitioner within ten (10) days. Over ten (10) days have elapsed and Respondent has not paid any portion of the Award. (Ranne Dec., ¶¶ 11-13)

Respondent's Admission

On December 7, 2010, Respondent admitted to Mr. Jason Ranne, Associate Counsel for Wasserman, in a telephone conversation that he knew about the arbitration and Award, but could not pay the amount owed. (Ranne Dec. ¶ 14)

Petitioner commenced this action on November 19, 2010 by filing a Summons and Petition to Confirm the Arbitration Award, and personally served Respondent with these papers. (Wong Dec., Ex. A) Petitioner seeks an Order confirming the Arbitration Award and awarding it its legal fees and costs incurred in bringing this action.

Argument

I

PETITIONER IS ENTITLED TO CONFIRMATION
BECAUSE THE AWARD HAS NOT BEEN MODIFIED OR VACATED

The Federal Arbitration Act ("FAA") provides that an application to confirm an arbitration award may be made to the United States District Court in and for the district in which the award is made. 9 U.S.C. § 9 (2010). The FAA provides that an arbitration award must be confirmed unless there are statutory grounds to vacate, modify or correct the award. 9 U.S.C. § 9 (2010). Confirmation proceedings are summary proceedings.

Petitioner is entitled to confirmation of the Award. The parties consented to the Regulations, which provide for arbitration in the event of a dispute over fees between the parties. Petitioner filed a Grievance pursuant to these Regulations, and was granted the Award by the Arbitrator. Petitioner now seeks to confirm this Award. At no point did Respondent object to

the proceedings, move to vacate or modify the Award, or participate in any of the proceedings in any way. Further, there are no grounds for fraud, corruption or claims that the Arbitrator was partial. The Arbitrator did not refuse to hear evidence, did not exceed his powers, and made a final award upon the subject matter before him. The Arbitrator was selected by the NBPA, pursuant to the terms of the Regulations that the parties agreed would govern any disputes.

Respondent's defense that he was not properly notified of the arbitration proceeding is meritless. Respondent has received ample notice of this dispute and of the arbitration. Wasserman, the NBPA, and the Arbitrator each sent Respondent separate notices of the Grievance and arbitration. Service by mail is sufficient since the Regulations provide for this method of service and the parties agreed to such terms. *Heart & Entertainment v. Multichannel Distributors*, 1997 WL 72150 (S.D.N.Y. 1997). Finally, the Arbitrator sent a copy of his Award to Respondent. Petitioner also attached a copy of the Award to its Petition, which was served personally on Respondent. (Wong Dec., Ex. A)

Regardless, Respondent has long known of his financial obligations to Petitioner. He signed a settlement agreement and confession of judgment to this effect. The confession of judgment specifically provides that Respondent will not vacate, appeal or attack in any way a judgment for the fees he owes to Petitioner. More importantly, in a telephone conversation with Mr. Ranne, Associate Counsel for Wasserman, Respondent admitted that he had knowledge of the arbitration and Award. (Ranne Dec., ¶ 14)

The Award should be confirmed for another reason--the parties consented to judicial confirmation. When an arbitration agreement declares that an arbitration award is final and binding, the parties are deemed to have consented to judicial confirmation. *Kallen v. District 1199, National Union of Hosp. Care Employees*, 574 F.2d 723, 726 (2d Cir. 1978). The Award

resolved the only substantive dispute between the parties and is final for purposes of a petition to confirm. *In re Advest v. Asseoff*, No. 92 Civ. 2269, 1993 WL 119690, *5-*6 (S.D.N.Y. Apr. 14, 1993; *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986). Further, the Regulations provide that an award "shall constitute full, final and complete resolution of the grievance, and will be binding upon the player and the player agent involved." (Ranne Dec. Ex. A, Section 5(D)) Thus, the parties agreed to judicial confirmation and this Court should confirm the Award.

II

RESPONDENT CANNOT NOW SEEK TO VACATE THE AWARD

A party may seek to vacate or modify an arbitration award within ninety days of the delivery of the award. 9 U.S.C. § 10 (2010). There is no exception to this limitation, even in opposition to a motion to confirm. *Kruse v. Sands Brothers & Co., Ltd.*, 226 F. Supp.2d 484 (S.D.N.Y. 2002); *Local 502, Associated Musicians of Greater New York*, 145 F.3d 85 (2d Cir. 1998). In the present case, the Award was delivered to Respondent on or about October 14, 2010. Over 150 days have passed since the arbitration hearing and Respondent has not moved to vacate or modify the Award. Respondent is now barred from doing so by the limitations period. Accordingly, Respondent has failed to rebut Petitioner's showing that it is entitled to confirmation of the Award and Petitioner's petition must be granted. Further, in his confession of judgment, Respondent agreed not to vacate or seek to set aside any judgment on the fees owed.

III

PETITIONER IS ENTITLED TO LEGAL FEES AND COSTS

Courts may award attorneys' fees and costs in an action to confirm an arbitration award where the Respondent has failed to comply with the arbitration award without justification. *NYC*

8

1223041-1

*District Council of Carpenters Pension Fund v. Eastern Millennium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355 (S.D.N.Y. Nov. 21, 2003) (awarding attorneys' fees where respondent did not appear at arbitration hearing); *In the Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc.*, No. 95 Civ. 8081, 1996 WL 420209 (S.D.N.Y. Jul. 25, 1996) (awarding attorneys' fees where defendant failed to pay the arbitration award or make a motion to vacate or modify the award). Further, the parties agreed in the settlement agreement that the prevailing party in a litigation or arbitration to recover the fees would be entitled to legal fees and costs. (Ranne Dec., Ex. B)

Here, Respondent's refusal to comply with the Award is without justification. He admitted so. Respondent has known about the outstanding fees for years. He agreed to the Regulations providing for arbitration. He does not dispute the amount owed; he previously entered into a settlement agreement and signed a confession of judgment regarding these same fees and conceding that the prevailing party is entitled to legal fees and costs. Respondent chose not to attend the arbitration hearing and has not moved to vacate or modify the Award.

## Conclusion

Petitioner hereby demands that an order confirming the Award and judgment be entered, granting legal fees and costs, and granting such other and further relief as the Court deems proper.

9

1223041-1

Dated: New York, New York
March 14, 2011

                                        OLSHAN GRUNDMAN FROME
                                        ROSENZWEIG & WOLOSKY LLP

By: _____
       Thomas J. Fleming
       Christine Wong
       *Attorneys for Petitioner*
       Park Avenue Tower
       65 East 55th Street
       New York, New York 10022
       (212) 451-2300

1223041-1