UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

WASSERMAN MEDIA GROUP, LLC,

              Petitioner,

         - against -

JONATHAN BENDER,

              Respondent.

------------------------------------------------------- X

**MEMORANDUM OPINION
AND
ORDER**

10 Civ. 8783 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Wasserman Media Group, LLC ("WMG") petitions this Court pursuant to the Federal Arbitration Act ("FAA")[1] to confirm an arbitration award issued pursuant to the National Basketball Players Association Regulations Governing Player Agents ("NBPA Regulations")[2] against Jonathan Bender, a former National Basketball Association ("NBA") player. WMG also seeks the award of attorneys' fees reasonably incurred in bringing this action. Bender has

---

[1] See 9 U.S.C. § 9.

[2] See NBPA Regulations, Ex. A to the 3/13/11 Declaration of Jason Ranne, petitioner's counsel ("Ranne Decl.").

1

not responded to WMG's petition.

In 1999, Bender and WMG entered into an NBPA Standard Player Contract pursuant to the rules and regulations of the NBPA Regulations.[3] Under that agreement, WMG represented Bender throughout his NBA career.[4] On October 30, 2009, Bender and WMG entered into an agreement whereby Bender agreed to pay WMG $396,766.60 at scheduled intervals (the "Settlement Agreement").[5] In connection with the Settlement Agreement, Bender also agreed that if "[WMG] should file a claim against me pursuant to [the NBPA Regulations] . . . I acknowledge and agree that [WMG] may execute on a judgment immediately for such Unpaid Fees, and I will not attempt to attack, vacate, appeal, stay, or otherwise set aside such judgment against me . . . ."[6] Bender subsequently failed to comply with the payment schedule pursuant to the Settlement Agreement.[7]

On August 10, 2010, WMG filed a grievance pursuant to the NBPA Regulations, which provided that arbitration be the "exclusive method for

---

[3] *See id.* ¶ 3.

[4] *See id.*

[5] *See* 10/30/09 Settlement Agreement and Release, Ex. B to the Ranne Decl., at 1.

[6] 10/29/09 Letter from Bender to Arn Tellum, Agent for WMG, Ex. C to the Ranne Decl.

[7] *See* Ranne Decl. ¶ 6.

2

resolving any and all disputes" arising under the regulations.[8] The arbitration agreement further provides that "[the] Award shall constitute full, final and complete resolution of the grievance, and will be binding upon the player and the player agent involved."[9] WMG, the NBPA, and the arbitrator each notified Bender of WMG's grievance and upcoming arbitration.[10] None of the notifications elicited a response from Bender.[11] On October 14, 2010, the arbitrator proceeded with the arbitration hearing in Bender's absence.[12] The arbitrator found in favor of WMG and ordered payment in the amount of $396,766.60 within ten days.[13] To date, Bender has not paid any portion of the award despite being notified of the result.[14]

---

[8] NBPA Regulations at 21.

[9] *Id.* at 23.

[10] *See* 8/20/10 Letter from Jason Ranne to Jonathan Bender, Ex. D to the Ranne Decl.; 8/24/10 Letter from Yared Alula, counsel for NBPA, to Bender, Ex. E to the Ranne Decl.; Arbitration Opinion and Award, Ex. F to the Ranne Decl., at 1 (noting that arbitrator "advised Player Bender that a response . . . had to be filed no later than September 27, 2010").

[11] *See* Ranne Decl. ¶ 10.

[12] The NBPA Regulations provide that "[i]f an Answer is not filed within [thirty days], the Arbitrator, in his discretion, may issue an order where appropriate, granting the grievance and the requested relief upon satisfactory proof of claim." NBPA Regulations at 22.

[13] *See* Arbitration Opinion and Award.

[14] *See* Ranne Decl. ¶¶ 12-13.

## II. APPLICABLE LAW

### A. Confirmation of Arbitration Awards

Section 9 of the Federal Arbitration Act ("FAA") provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.[15]

Therefore, in addition to subject-matter jurisdiction, the FAA imposes upon courts an additional jurisdictional requirement that the parties "agree[] that judgment shall be entered upon the award."[16] Such an agreement, however, need not be express and may be implied from the language of the arbitration agreement and the conduct of the parties. Where the parties expressly agree that the arbitration will be final or binding and that federal law should control, the Second Circuit has found an implied agreement to have an arbitration award submitted to a federal court's

---

[15] 9 U.S.C. § 9 (emphasis added).

[16] *Varley v. Tarrytown, Inc.*, 477 F.2d 208, 210 (2d Cir. 1973). *Accord Matter of Arbitration Between Kaystar Tarim Urunleri Sanayi Ve Ticaret Ltd. and Spring Tree Corp.*, No. 96 Civ. 9392, 1997 WL 160639, at *1 (S.D.N.Y. Apr. 7, 1997) ("The absence of such a provision can deprive a federal court of the power to confirm an arbitration award under the federal Arbitration Act.").

4

jurisdiction.[17] Where the court has jurisdiction pursuant to diversity of citizenship, courts have not required that the arbitration be controlled by federal substantive law in order for a federal court to have the power to confirm an award.[18]

The confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"[19] Because the court "must grant" the award "unless the award is vacated, modified, or corrected"[20] the court should do so "if a ground for the arbitrator's

---

[17] See I/S Stavborg v. National Metal Converters, Inc., 500 F.2d 424, 426-27 (2d Cir. 1974) (finding implied agreement where parties agreed that award "shall be final," dispute was governed by federal maritime law, and party disputing confirmation had itself invoked the FAA and the aid of the district court); Kallen v. District 119, Nat'l Union of Hosp. and Health Care Employees, 574 F.2d 723 (2d Cir. 1978) (finding implied agreement where parties expressly agreed that award would be final and conclusive and federal law applied to the interpretation of collective bargaining agreements).

[18] See, e.g., Waveform Telemedia, Inc. v. Panorama Weather N. Am., No. 06 Civ. 5270, 2007 WL 678731, at *4 (S.D.N.Y. Mar. 2, 2007) (noting that although state law applied, given the diversity of citizenship, parties must have agreed to entry of judgment on the award by a federal court); The Home Ins. Co. v. RHA/Pa. Nursing Homes, 127 F. Supp. 2d 482, 485 (S.D.N.Y. 2001) (holding that diverse parties "must have contracted with reference to the availability of a federal forum for enforcement of an award").

[19] D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).

[20] 9 U.S.C. § 9.

decision can be inferred from the facts of the case."[21] "Only 'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award."[22] Moreover, a notice of a motion to challenge the award must be served upon the opposing party within three months of the issuance of the award.[23] A failure to do so results in a waiver of the right to oppose the confirmation of an award.[24]

### B. Legal Fees and Costs

Generally, in the absence of statutory authority, a party may not recover attorney's fees in a federal action and the FAA provides no such relief in an action to confirm an award. However, because the court has the inherent equitable power to assign attorney's fees where one party acts in bad faith, "attorney's fees and costs may be proper when a party opposing confirmation of arbitration award 'refuses to abide by an arbitrator's decision without

---

[21] *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991).

[22] *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

[23] *See* 9 U.S.C. § 12.

[24] *See Florasynth, Inc.*, 750 F.2d at 174 ("[D]efendant's failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to confirm the award.").

justification.'"[25] Where a party fails to both pay the award and challenge its validity, such conduct may constitute bad faith.[26]

## III. DISCUSSION

### A. Confirmation of the Arbitration Award

Applying a deferential standard of review, I find clear grounds for confirming the arbitration award. The parties are properly before this Court under diversity jurisdiction and the arbitration agreement expressly states that any award should be "final" and "binding" upon the parties.[27] Therefore, WMG and Bender have implicitly agreed that the award be confirmed by a federal court as required by section 9 of the FAA. Moreover, there is clear justification for the arbitrator's decision. Bender signed a written agreement acknowledging that he owes WMG the claimed amount. Nonetheless, he failed to adhere to the payment schedule and

---

[25] *New York City Dist. Council of Carpenters Pension Fund v. Eastern Millennium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *International Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

[26] *See In Matter of Arbitration between Soft Drink and Brewery Workers Union and Ali-Dana Beverages, Inc.*, No 95 Civ. 8081, 1996 WL 420209 (S.D.N.Y. July 25, 1996).

[27] NBPA Regulations at 23. Although the arbitration agreement notes that "it is the NBPA's intention that an Award issued by the arbitrator not be subject to judicial review" WMG is not here seeking judicial review. Rather, it is seeking to have confirmed what is already a final judgment of the arbitrator.

ignored all notices that the matter was proceeding to arbitration. Finally, Bender has waived any right to vacate the award by virtue of his failure to challenge the award within ninety days as required by the FAA. Accordingly, I conclude that the award should be confirmed.

### B. Legal Fees and Costs

In both the Settlement Agreement and in letters to WMG and the NBPA, Bender has conceded that he owes WMG the amount claimed. Nonetheless, he has repeatedly refused to pay. He failed to participate in the arbitration proceedings despite notifications from WMG, the NBPA and the arbitrator himself. He now refuses to pay the amount awarded in arbitration. Consistent with his approach to this matter, Bender also declined to participate in the instant proceeding. His continued refusal to either pay the amount owed or challenge the validity of the claim amounts to bad faith. Accordingly, I conclude that an award of $2,500 in attorney's fees and costs as sought by WMG in its Petition is appropriate.

### IV. CONCLUSION

For the reasons set forth above, WMG's petition to confirm the arbitration award is granted. The Clerk of the Court is directed to close this motion [docket # 1] and this case.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           May 13, 2011

**-Appearances-**

**Counsel for Petitioner:**

Thomas James Fleming, Esq.
Christine Wing-Sei Wong, Esq.
Olshan Grundman Frome Rosenweig & Wolosky LLP
65 East 55th Street
New York, New York 10022
(212) 451-2300
(212) 451-2271

**Respondent (Pro Se):**

Jonathan Bender
3919 Falls Brook Court
Sugar Land, Texas 77479